## METROPOLITAN ENGINEERING CO. v. COE, Com'r of Patents.

### No. 6281.

United States Court of Appeals for the District of Columbia.

Argued Jan. 9, 1935.

Decided May 6, 1935.

Joseph H. Milans and Needham C. Turnage, both of Washington, D. C., and D. A. Usina, of New York City, for appellant.

T. A. Hostetler, Sol. of the Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's

bill, filed under section 4915, Rev. 'St., as amended (35 USCA § 63), seeking to authorize the reissue (to appellant as assignee of applicant Murray) of patent No. 1,723,518, dated August 6, 1929.

The claimed invention relates to a chassis frame for automobiles, comprising longitudinal side members made from sheet metal bent to provide a central vertical portion and parallel horizontal flange portions at the top and bottom. These members are connected by transverse braces or cross members having similar vertical and horizontal portions. The horizontal portions of the side members and the cross members lie in the same plane, and are butt-welded edge to edge. The vertical portions of the side and transverse members also are welded together. This construction is disclosed in Fig. 4 of the drawing, here reproduced:

A so-called bracket of sheet metal is welded to the edges of the horizontal portions of the side members. This feature is disclosed in Fig. 12 of the drawing, here reproduced:

All fourteen of the claims have been rejected. We here reproduce claims 1 and 5 as illustrative:

"1. A frame for automobiles having longitudinal members the cross-section of each of which is composed of a single piece of sheet metal bent to hollow shape with horizontal portions and transverse braces having portions in the plane of the horizontal portions of said longitudinal members and butt-welded edge-to-edge thereto."

"5. A frame for automobiles having longitudinal members the cross section of each of which is of channel shape with the flanges extending inward, and transverse braces having vertical edges butt-welded to the inner faces of the vertical portions of said channels, and having horizontal portions in the plane of the flanges of said channels and butt-welded edge to edge thereto."

The patent to Schmidt, No. 924,941, dated June 15, 1909, on a "Frame for motor-vehicles" discloses a frame having every feature of the claims of the issue, except the particular means of attachment of the side and cross members. Transverse braces of inverted U-shape have flanges at their ends riveted to the vertical portions of the side members. Gusset plates are used for the ends. These plates do not lie in the plane of the flange of the side member, nor are the parts butt-welded together. It is common knowledge that electric welding has largely superseded riveting in many types of metal structure work. Thomson Spot Welder Co. v. Ford Motor Co., 265 U. S. 445, 44 S. Ct. 533, 68 L. Ed. 1098. Therefore, to employ welding in place of riveting does not constitute novelty. Should welding take the place of riveting, it would be obvious to arrange the gusset plates in the plane of the flange.

Certain claims contain the added limitation that the vertical edges of the cross members are butt-welded to the vertical faces of the side members. This feature is disclosed in Fig. 4, above. The tongue 22 (an extension of web 19 of the cross member) extends to the web of the channel side member 15 and is welded thereto. Should the horizontal portions of the side members and the cross members be butt-welded edge to edge, it would be obvious, particularly in view of the disclosure of Schmidt, to extend the tongue 22 to the channel of side member 15 and weld it thereto.

We have with painstaking care considered the contentions advanced in appellant's brief in the light of the argument at the bar, but we are unable to discover that novelty has been disclosed.

The decree therefore will be affirmed.

Affirmed.